**No. 50064.**—Protests 889446–G, etc., of E. H. Holler (Nogales).

KEEFE, Judge: This case involves certain fresh fish assessed at 1 cent per pound under paragraph 717 (a) and claimed to be entitled to free entry as the product of American fisheries under paragraph 1730 (a), Tariff Act of 1930. Also involved is the classification of certain fish livers claimed to be free of duty as crude drugs.

At the trial it was established that the fish in question were landed at Kino Bay, Mexico, from the American fishing boat *Sonny Boy*. The captain of the boat, Glen McDonald, testified that the fish were caught with the help of fishermen he hired from the Mexican Cooperative Fishing Society of Kino Bay; and that these fishermen fished from the deck of his boat and from canoes. His testimony as to the manner of fishing was substantially the same as the testimony produced in the *Holler* case, protest 944230–G, etc., decided concurrently herewith, and with the testimony in the cases of *United States* v. *Holler*, 28 C. C. P. A. 105, C. A. D. 132, and *United States* v. *Holler*, 28 C. C. P. A. 124, C. A. D. 133, covering the same kind of merchandise and involving the same questions. The testimony taken at the trial in protest 944230–G, etc., of Assistant Collector Chatham, the official in charge of the port of entry; Enriga C. Lineiro, the broker making the entries; Santiago Rojas and Jose Maria Guzman, Mexican fishermen and members of the cooperative society, was admitted here. The cash book and other documents admitted there in evidence were by agreement admitted here.

As to certain fish livers contained in protests 889447–G, 903382–G, 904927–G, 909144–G, 913801–G, 913802–G, 913803–G, 913806–G, 913807–G, and 913808–G, it was stipulated and agreed between counsel that the same were similar in all material respects to the merchandise the subject of decision in the cases of *Verdugo* v. *United States*, Abstract 38801, and *Suarez* v. *United States*, Abstract 38915. The court held in those cases that fish livers in a crude state, ill-smelling and rancid, and not fit for food, used to manufacture an oil containing certain vitamins which was manufactured into a tonic medicine, were free of duty under paragraph 1669, Tariff Act of 1930, as crude drugs. The records in those cases were incorporated with and made a part of the record herein.

The evidence before us is convincing that the fresh fish in question come within the broad terms of a product of an American fishery, in this, that they were of such variety as the statute permits to be "landed in a foreign country and there not further advanced than beheaded, eviscerated, packed in ice, frozen, and with fins removed"; they were caught from a vessel under American registry, owned by an American citizen, and under supervision of an American captain; they were not surreptitiously taken in Mexican waters; foreign fishermen were employed either as members of the crew or as fishermen under the supervision of the captain of the vessel; and they were not purchased by the owner, agent, master, or crew of the American vessel.

When this question was before our appellate court in the *Holler* cases, *supra*, it was held that the status of fish which had become products of American fisheries would not be altered by anything occurring thereafter prior to importation. When the fish had been caught by fishermen who owned canoes and who were hired to fish for the American captain of an American vessel, they were held to be products of American fisheries only in the event that the American vessel towed the canoes to and from the fishing grounds, or carried them upon the deck, and that when canoes proceed to and return from the fishing grounds under their own power, the fish could not be so considered. It was further held that if fish, the products of American fisheries, were commingled with fish, held not to be so considered, all became dutiable because the very nature of the product made it incapable of ready segregation.

From the evidence before us we find that the entries with protests 903382–G, 909132–G, 913801–G, 913802–G, 913806–G, and 913807–G cover fish caught solely from the deck of the *Sonny Boy;* that the entries with protests 919882–G, 919887–G, 928830–G, 928832–G, 928834–G, 928837–G, 940085–G, 940086–G, 948859–G, and 948860–G cover fish which were caught from the *Sonny Boy* and from canoes and rowboats carried on the deck of the vessel to and from the fishing grounds; that the entry with protest 919884–G covers fish caught from the deck of the *Sonny Boy* in the Gulf of Lower California, a hundred miles from Kino Bay, and from canoes which necessarily were carried to and from the fishing grounds on the deck of the ship; and that the entry with protest 899043–G covers fish which were caught from the *Sonny Boy* and from canoes which were towed to and from the fishing grounds. Following the rule as announced by our appellate court in the *Holler* cases, *supra,* we hold that the fish covered by the foregoing protests are entitled to free entry as claimed.

In protests 889447–G, 889446–G, 899042–G, 903383–G, 904927–G, 904928–G, 909135–G, 909137–G, 909139–G, 909143–G, 909144–G, 913803–G, and 913808–G, the importer was unable to establish that the fish covered by the entries therein were caught from canoes which were towed, or that the fish caught from the *Sonny Boy* were not commingled with fish from canoes that had not been towed nor carried on deck to and from the fishing grounds. In view of the decisions of our appellate court, *supra,* we therefore overrule plaintiff's protests as to the claim of products of American fisheries. Protest 933695–G is overruled as there was no evidence produced concerning the manner in which the fish were caught.

The fish livers, covered by the entries with the protests enumerated above, we hold entitled to free entry as crude drugs under paragraph 1669, as claimed.

Judgment will therefore be entered directing the collector to reliquidate the entries in accordance with our findings herein, and to make refund accordingly.